UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| James T. Burke,<br><br>    Petitioner,<br><br>    v.<br><br>Nicholas Deml, Commissioner of<br>the Vermont Department of Corrections,<br><br>    Respondent. | Civil Action No. 2:24–cv–261–wks–kjd |

**ORDER
AND REPORT AND RECOMMENDATION**
(Docs. 1, 3, 8)

On February 19, 2024, Petitioner James T. Burke, a prisoner representing himself, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in relation to his 2012 nolo contendere plea to an obstruction of justice charge under 13 V.S.A. § 3015. By order dated February 22, 2012, the Vermont Superior Court sentenced Petitioner in accordance with the terms of a plea agreement providing for a 4–5-year sentence to be served "cons[ecutive] to existing sentences." (Doc. 1-4.) The Vermont Supreme Court (VSC) affirmed in December 2012. *State v. Burke*, No. 2012-111, 2012 WL 6633704 (Vt. Dec. 13, 2012) (unpub. mem.). Petitioner now seeks an order from this Court requiring his sentence for obstruction of justice to be run concurrently to his undischarged state sentences. (Doc. 1 at 15.)

Respondent Nicholas Deml, Commissioner of the Vermont Department of Corrections, has filed a Motion to Dismiss the § 2254 Petition. (Doc. 3.) Petitioner opposes the Motion to Dismiss.

(Docs. 5, 6, 8.)[1] For the reasons explained below, I recommend that the Motion to Dismiss be GRANTED and the § 2254 Petition be DISMISSED. Should this Report and Recommendation not be adopted, and the Petition is permitted to proceed, I further recommend that Respondent's Motion for Extension of Time to Answer (Doc. 3) be GRANTED.

## Background

I.  **State Court Proceedings and Direct Appeal**

Petitioner was charged with two counts of obstructing justice in violation of 13 V.S.A. § 3015. An information alleged that Petitioner intimidated an officer of the court by making two threatening communications. Petitioner was subject to the "habitual offender" enhancement under state law in the event of conviction. Representing himself, Petitioner filed several motions to dismiss, among other motions. At Petitioner's request, an attorney was appointed in October 2011 to represent him. It appears that in January 2012 Petitioner's counsel filed a Motion to Dismiss the obstruction of justice and habitual offender charges. (Doc. 1-3.) The Superior Court denied Petitioner's motions.

In February 2012, the parties filed a notice of plea agreement. Petitioner agreed to enter a plea of nolo contendere to count one of the information with a recommended sentence of four to five years to be served consecutive to all other sentences. The State agreed to strike the habitual offender enhancement and dismiss count two of the Information. Consistent with the plea agreement, Petitioner was sentenced on February 22, 2012, to four to five years' imprisonment consecutive to his undischarged state sentences. (Doc. 1-4.)

---

[1] Petitioner also filed a motion requesting that the Court consider certain case law, specifically *Fitzgerald v. Peek*, 636 F.2d 943 (5th Cir. 1981). (Doc. 8.) The Court GRANTS the Motion but finds that the cited authority does not affect the recommendation that the Petition be dismissed as time-barred. In *Peek*, the Fifth Circuit affirmed the district court's permanent injunction of a state prosecution against the plaintiffs on the grounds that the prosecution was brought in bad faith to punish plaintiffs for exercising their First Amendment rights. 636 F.2d at 944. As explained in footnote 2 *infra*, to the extent that Petitioner raises a First Amendment challenge to his prosecution in this habeas proceeding, the Court should not consider the claim because it has not been presented to the Vermont state courts in the first instance.

In April 2012, Petitioner requested that the court modify his sentence to show that he had entered a conditional plea. The court denied the motion and his motion for reconsideration. Petitioner then appealed to the VSC, arguing that he did not knowingly enter his nolo contendere plea because he "was tricked into believing that he was entering a conditional plea . . . with the right to appeal various pretrial motions." *Burke*, 2012 WL 6633704, at * 3.

The VSC affirmed the Superior Court in December 2012. The VSC determined that Petitioner knowingly and voluntarily entered his nolo contendere plea to the charge and thus "waived the right to challenge the court's rulings on his pretrial motions." *Id.* at *4 (citing cases). As a result, the VSC did not address Petitioner's challenges to any pretrial decisions.

## II.    State Court Post-Conviction Relief Proceedings

Again representing himself, Petitioner filed a post-conviction relief (PCR) petition in Superior Court in 2020. He asserted errors in the entry of his plea and ineffective assistance of counsel. In August 2022, Petitioner moved for summary judgment. The State opposed Petitioner's motion and filed a cross motion for summary judgment. The PCR court denied Petitioner's motion and granted the State's motion. The VSC affirmed the PCR court in July 2023.

## III.   The § 2254 Petition

Petitioner filed this § 2254 Petition in 2024, contending that his sentence on the obstruction of justice conviction should be corrected to run concurrently—and not consecutively—to his other undischarged state sentences. Petitioner argues that his attorney "informed [him] the 4 to 5 [y]ears would be run to[]gether[.]" (Doc. 1 at 15.) He also asks this Court to consider "all the grounds cited" in his motion to dismiss filed in state court. (*Id.* at 5.)

Respondent asserts that the § 2254 Petition should be dismissed because it is untimely and because Petitioner has not exhausted state law remedies with respect to his substantive claims prior to filing his Petition in this Court. (Doc. 3.) Petitioner filed two 56-page oppositions to the Motion

to Dismiss that appear to be identical, *compare* Doc. 5 *with* Doc. 6, as well as the motion requesting the court to consider an "over-looked on point case." (Doc. 8 at 1.) Petitioner has not directly addressed Respondent's claim that the Petition is barred by the statute of limitations.

## Standards of Review

This Court must read a self-represented litigant's pleading liberally and construe it to raise the strongest arguments it suggests. *See Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam). Nevertheless, a self-represented litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (internal quotation marks omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) (holding that self-represented litigants must comply with procedural rules).

**I.      Legal Standards Governing § 2254 Petitions**

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court may not grant the writ "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the adjudication "was contrary to, or involved an unreasonable application of, clearly established federal law" or the adjudication was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1)–(2). The Supreme Court has explained that § 2254(d) is "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter,* 562 U.S. 86, 103

(2011). The exhaustion requirement ensures that state prisoners present their constitutional claims to the state courts in the first instance. *See id.* (citing § 2254(b)). As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), the habeas statute also imposes a one-year limitation period on petitions filed by individuals in state custody seeking federal court review. *See* 28 U.S.C. § 2244(d)(1).

AEDPA imposes a standard for federal court review of state convictions that is difficult to meet. It "requires a state prisoner to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error beyond any possibility for fairminded disagreement." *Burt v. Titlow*, 571 U.S. 12, 19–20 (2013) (cleaned up). Federal courts must not "lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." *Id.* at 20 (cleaned up).

**II.   Statute of Limitations**

In order to obtain federal court review under § 2254, a petitioner must first file his Petition within the one-year statute of limitations. For the Petition to be timely, a prisoner in custody pursuant to the judgment of a state court must file his petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A conviction becomes final "when [the] time to seek direct review in the United States Supreme Court by writ of certiorari expires," which is 90 days after the completion of direct appellate review in the state court system. *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001) (cleaned up). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2); *Amante v. Walker*, 268 F. Supp. 2d 154, 156 (E.D.N.Y. 2003).

## Analysis

**I.      Petitioner's § 2254 petition is barred by the statute of limitations.**

It is plain that this § 2254 Petition was filed well over a year after Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). The VSC affirmed the Superior Court's decision on December 13, 2012. There is no indication that Petitioner timely requested writ of certiorari in the United States Supreme Court. Therefore, his conviction became final 90 days after the VSC decision, or March 13, 2013. As a result, the one-year statute of limitations to file his § 2254 Petition expired in March 2014. Petitioner filed this petition in February 2024, almost a decade after his conviction became final. (Doc. 1 at 15.) Thus, his claims are time-barred unless the limitations period was tolled by a properly filed PCR action in state court, or the limitations period was triggered at a later date by a circumstance specified in § 2244(d)(1)(B)–(D) to render the Petition timely.

Petitioner filed his PCR petition regarding his conviction and challenged sentence in 2020, which was years after both his conviction became final in 2013 and the one-year statute of limitations to bring a § 2254 petition expired in 2014. Therefore, because the limitations period had long expired before Petitioner filed his PCR action, the PCR proceedings did not toll the limitations period for timely filing the § 2254 Petition.

6

With respect to whether the statute of limitations may have been triggered at a later date due to one of the circumstances specified in § 2244(d)(1), Petitioner does not assert that the State created an impediment to filing his Petition timely, or that the Supreme Court newly recognized a constitutional right and made that right retroactively applicable to cases on collateral review such that his Petition should be deemed timely. Therefore, the triggering dates under § 2244(d)(1)(B) and (C) do not apply.

Finally, Petitioner cannot show that his Petition was timely measured from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). By his § 2254 Petition, Petitioner asks this Court to grant habeas relief by: (1) considering the merits-based grounds raised in his counsel's 2012 Motion to Dismiss the obstruction of justice charges (Doc. 1 at 5); and (2) determining that his counsel misinformed him that his obstruction of justice sentence would run concurrently with his other sentences. (Doc. 1 at 7, 10, 13, 15.) The factual predicates of these claims, however, were known to Petitioner, at the latest, by the date of his sentencing and conclusion of his direct appeal in 2012. Thus, the one-year statute of limitations expired well before Petitioner filed this § 2254 Petition.[2]

---

[2] Although this R&R recommends dismissal of the Petition as time-barred, the Court briefly addresses Petitioner's merits-based arguments. Petitioner asks that the Court consider the arguments he raised in his 2012 Motion to Dismiss the obstruction of justice charges. The arguments in the Motion to Dismiss generally challenge whether the State's evidence was sufficient to satisfy the elements of the charges. (Doc. 1-3.) However, the VSC found that by entering a knowing and voluntary nolo contendere plea, Petitioner "waived the right to challenge the court's rulings on his pretrial motions." *Burke*, 2012 WL 6633704, at *4. Therefore, the arguments he raised were not adjudicated on the merits in state court and consequently are not properly considered in this Court.

Petitioner also appears to contend that his prosecution for obstruction of justice was unconstitutional because the conduct resulting in the charges was protected by the First Amendment. (Docs. 5, 6.) As "state courts are the principal forum for asserting constitutional challenges to state convictions," *Harrington* at 103, a state prisoner such as Petitioner is required to present his constitutional claims to the state courts in the first instance. *See id.* There is no indication that Petitioner presented this federal constitutional claim to the Vermont courts. Therefore, this Court may not consider the claim raised for the first time in a § 2254 Petition.

**II.    Equitable tolling does not apply to render the Petition timely filed.**

Equitable tolling permits a court to entertain an otherwise untimely habeas petition if the petitioner establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "As a general matter, [the Second Circuit] set[s] a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011).

Equitable tolling is not appropriate in this case. Petitioner has not requested equitable tolling, nor has he provided an explanation for the over-seven-year delay between his conviction and his initiation of state court PCR proceedings or the nearly-ten-year delay before he filed his § 2254 Petition in this Court. *See Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (explaining a petitioner must "demonstrate [extraordinary] circumstances caused him to miss the original filing deadline").

The Court should find that equitable tolling does not apply to this time-barred Petition.

## Conclusion

For the reasons explained above, I recommend that Respondent's Motion to Dismiss (Doc. 3) be GRANTED and the § 2254 Petition (Doc. 1) be DISMISSED with prejudice. Should this Report and Recommendation not be adopted, and the Petition is permitted to proceed, I further recommend that Respondent's Motion for Extension of Time to Answer (Doc. 3) be GRANTED.

Petitioner's Motion for the Court to Consider Listed Case Law (Doc. 8) is GRANTED.

Dated at Burlington, in the District of Vermont, this 24th day of October 2024.

/s/ Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).